### ISDALE *v.* HANSON *et al.*

LUMPKIN, J. Under the facts of this case, there was no abuse of discretion in refusing to grant an injunction and appoint a receiver as prayed. But the plaintiff having prayed that the defendant be enjoined from selling, hypothecating, or disposing of certain notes which he had given to the defendant for the purpose of obtaining an interest in a partnership, and the latter having expressed a willingness that such notes should be impounded, direction is given that the judgment be modified, and a proper order impounding them be entered.

*Judgment affirmed, with direction. All the Justices concur.*

Argued October 20,—Decided November 20, 1905.

Petition for injunction. Before Judge Wright. Floyd superior court. June 7, 1905.

Isdale filed his equitable petition against Hanson, alleging that he purchased from the latter an interest in the business conducted

by him under the name of the Hanson Supply Co., for $1,000, for which he gave his notes, and on which he had paid amounts aggregating $180.49; that the defendant has refused to comply with his agreements or to permit plaintiff to have access to the books or records of the company or any voice in the management or control of the business, and has openly declared that plaintiff has no interest in the business, and has agreed upon a sale of it for the sum of $10,000 to certain persons named; that defendant has converted into money the greater portion of his real estate, and plaintiff believes and is reliably informed that after receiving the purchase-money for the sale of the business he will leave the State. Plaintiff has demanded of defendant a return of his money with interest on it, and that the unpaid notes be returned to him and canceled; but defendant has refused this demand. Plaintiff prayed that the purchasers of the business from the defendant be enjoined from selling or hypothecating any of the notes given to him by the plaintiff for the purchase of an interest in the business; and that a receiver be appointed, an accounting be had, and judgment be rendered in his favor.

Defendant answered, in brief, as follows: The plaintiff sought and obtained employment with him, representing himself to be an experienced and competent steam and gas fitter. As additional compensation and for the purpose of insuring increased interest in the business, defendant entered into an agreement with plaintiff and one Gowan, by which each of them was to pay, from his compensation for work, for an interest in the business amounting to $1,000. Stock was to be taken and the proposed interest of the plaintiff was to be in the proportion which $1,000 should bear to the entire valuation which should be shown by the inventory. Notes were given by the plaintiff and a written contract entered into, one of the terms of which was that "should said Isdale fail to pay said notes above mentioned, then this contract should be null and void." It soon developed that the plaintiff was incompetent to do work as a steam and gas fitter, and he neglected the business and failed to carry out his contract, causing loss and damage to the defendant. Finally the plaintiff severed his connection with the defendant, and rescinded the contract and terminated all rights which he had to claim any interest as a partner. On an accounting the plaintiff would be indebted to the defendant. "Defendant deposits with the clerk

thirty-three of said notes which have not been paid by petitioner, amounting to $825 of principal, besides interest added in the face of each note, and prays that the same be impounded to be disposed of by the order of this court." The intention to sell all his property and leave the State is denied. On the hearing the evidence was conflicting. The court denied the prayers of the plaintiff for injunction and receiver, and he excepted.

*W. J. Nunnally,* for plaintiff.

*Denny & Harris* and *Halsted Smith,* for defendants.